**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| ADAM WEINRAUB, on behalf of himself as representative of the beneficiaries of the Arthur N. Weinraub Trust, as next friend of Barbara Korman, and on behalf Of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | ) | CIVIL ACTION FILE NO. |

**DEFENDANT BANK OF AMERICA, N.A.'S**
**MOTION TO QUASH SUBPOENA TO STEVEN STEIN**

Defendant Bank of America, N.A. ("BANA" or the "Bank"), by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3) for an order quashing or modifying the subpoena for deposition duces tecum served upon non-party Steven Stein, or, in the alternative, for a protective order preserving BANA's rights to review any documents produced by Stein for confidentiality and/or privilege. In support of its motion, BANA states as follows:

1. BANA is the defendant in the underlying action, *Weinraub v. Bank of America, N.A.*, No. 1:24-cv-03780-TWT, pending in the United States District Court for the Northern District of Georgia. In the underlying action, Plaintiff alleges that BANA charged excessive insurance premiums to trust beneficiaries through its Master Trust Insurance Program. ECF No. 72-1.

2. On May 20, 2026, Plaintiff served BANA with a Notice of Subpoena for Deposition Duces Tecum directed to non-party Steven Stein, attached hereto as Exhibit A. Plaintiff has not offered any evidence that he properly served Mr. Stein in accordance with the Federal Rules, including via personal service with payment of witness fees and mileage. The subpoena commands Stein to produce documents and appear for a deposition between "June 8 - July 29, 2026 (exact date TBD)," at 2525 Ponce de Leon Blvd., Suite 700, Coral Gables, Florida 33134. Ex. A at 5. Specifically, the subpoena seeks "[a]ny documents in [Stein's] possession discussing, between August 1, 2021 and the present, whether any property insurance premium for a residential trust property insured through Bank of America's Master Trust Insurance Program may be excessive or high." *Id.* at 9. The subpoena was directed to Stein at 225 NE Mizner Blvd., Suite 300, Boca Raton, Florida 33432—which is the office of Cushman & Wakefield, Stein's current employer. *Id.* at 5.

3. Because the subpoena commands compliance in Coral Gables, Florida, which lies within the Southern District of Florida, BANA submits the subject motion before this Court pursuant to Fed. R. Civ. P. 45(d)(3)(A). BANA has also filed a motion to quash with the issuing court in the Northern District of Georgia, attached hereto as Exhibit B.

4. As a threshold matter, even assuming service was properly completed on Mr. Stein (for which no evidence exists), no time for compliance with the subject subpoena has been set. At present, the subpoena provides only a date *range* for compliance (June 8–July 29, 2026) and expressly states that the "exact date [is] TBD"—*i.e.,* "to be determined." Ex. A at 5. No such date has been set, and no documents have been produced to date. Moreover, the outer end of that range (July 29, 2026) has not yet passed as of the filing of this motion. And, as recently as yesterday, Plaintiff confirmed that Mr. Stein's deposition would be postponed indefinitely.

This motion is therefore timely because it is filed prior to the compliance date (which is yet to be set) and, in any event, well within the subpoena's own stated compliance window. *See Dyer v. Coloplast Corp.*, 806 F. Supp. 3d 1329, 1334 (M.D. Fla. 2025) ("[c]ourts generally interpret 'timely' to mean within the time set in the subpoena for compliance"); *Flynn v. Square One Distribution, Inc.*, No. 6:16-mc-25-Orl-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016) ("a motion to quash is generally considered timely if it is brought before the time indicated for compliance"; finding a motion filed even one day before the compliance date timely).

5. Any argument by Plaintiff that this motion is untimely because it was not filed before the start of Plaintiff's proposed compliance "window" lacks any basis in law, fact, or common sense. Here, the subpoena states, on its face, that the "exact date" of compliance is "to be determined." Ex. A at 5. This is a subpoena for a Deposition Duces Tecum, which states that Mr. Stein "must also bring with you to the deposition the following documents . . . ." *Id.* In other words, the compliance date for producing documents is the date of the deposition, which has not even been set yet and, according to Plaintiff's counsel, is postponed indefinitely. Neither a witness nor a party can be deemed to have acted untimely with respect to a subpoena that does not provide a fixed date of compliance. There is no obligation to "start" complying earlier than the stated deposition date.[1]

6. Further, Plaintiff's entire subpoena is improper and unenforceable because it was directed to Stein in his *individual capacity* rather than in his capacity as a former employee of Bank of America and a current employee of Cushman & Wakefield. Stein is a former BANA employee who now serves as a property manager at Cushman & Wakefield. Any documents in

[1] Of course, failure to properly serve the subpoena on Mr. Stein would also defeat any argument of timeliness.

Stein's possession relating to the Weinraub property or BANA's Master Trust Insurance Program are in his possession solely by virtue of his employment at Bank of America and/or Cushman & Wakefield. The subpoena also reaches back to August 1, 2021, a period during which Stein was employed by BANA. That overlap further confirms that, to the extent responsive documents exist from that period, they are BANA records or communications obtained by Stein in an employment capacity—not personal materials properly subpoenaed from Stein individually. Nevertheless, the subpoena defines "Your" as referring to "Steven Stein" personally and seeks documents "in [his] possession." Ex. A at 9.

## MEMORANDUM OF LAW

Rule 45 subpoenas command production of documents in a person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); *see also Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200–01 (11th Cir. 2016) (applying Rule 45 and the "possession, custody, or control" framework). Where, as here, the documents sought relate exclusively to a person's employment and are in that person's possession (if at all) only by virtue of that employment, the proper procedure is to serve the subpoena on the employer entity. *See Dotson v. Edmonson*, No. 16-15371, 2017 WL 4310676, at *5–6 (E.D. La. Sept. 28, 2017) (declining to equate employees' password-protected access to employer policies with "possession, custody, or control" and holding that "the better course of action" was to subpoena the employer); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 625 (D. Mass. 1988) (holding that a party could not circumvent discovery limits by subpoenaing a party's employee for documents in the party's "custody, control and/or possession"); *cf. In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. Unit B 1981) ("*Kent*") (holding that an employee's "mere access" to employer records "is

not possession, custody, or control").[2] By subpoenaing Stein individually, Plaintiff has sidestepped the proper procedure of requesting the production of documents from the employer entities—*i.e.,* Bank of America and Cushman & Wakefield—which would allow those entities to assert applicable privileges and objections over their information in the hands of their former/current employee and coordinate production.

In addition to the individual-capacity deficiency, BANA has standing to challenge this subpoena under Rule 45(d)(3) because BANA has a personal right and privilege in the documents sought by the subpoena. Unlike a typical third-party subpoena seeking general business records, the subpoena seeks documents that may contain confidential and private information—including personally identifiable information ("PII")—concerning BANA's clients, trust beneficiaries, and business operations. BANA therefore has a personal right in such documents sufficient to confer standing. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (stating that a party lacks standing to challenge a third-party subpoena unless it "alleged any personal right or privilege with respect to the materials subpoenaed"); *accord Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) (recognizing that "a party does have a personal right with respect to information contained in [its] . . . records" and that such a "personal right . . . is sufficient to confer standing to move to quash" a third-party subpoena) (citing *Brown*, 595 F.2d at 967); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) ("In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served

[2] Given that former Fifth Circuit decisions issued before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit, *Kent* is binding authority in this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed.'") (quoting *Brown*, 595 F.2d at 967).

BANA's interest in these documents is not merely a generalized confidentiality concern. The subpoena seeks documents concerning insurance premiums for BANA's trust clients—documents that contain PII and other sensitive financial information concerning non-party Bank clients and trust assets. This is not the type of generalized confidentiality interest that courts have found insufficient to confer standing; rather, it is a direct proprietary interest in documents concerning BANA's clients and its own insurance program. *See Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-61984-CIV, 2011 WL 310726, at *1–2 (S.D. Fla. Jan. 28, 2011) (rejecting the argument that a movant's assertion of "confidential and privileged" information was too generalized to confer standing, and holding that a party's personal interest in the confidentiality of its financial records was sufficient to confer standing to challenge a third-party subpoena). This is yet another example of Plaintiff improperly seeking to bypass BANA's well-founded objections to the production of sensitive non-party client data through third-party subpoenas. *See* [Doc. 90] (motion to quash Aon subpoena); [Doc. 93] (motion to quash SES subpoena).

Moreover, BANA has a cognizable privilege interest in the subpoenaed documents. During his tenure at BANA, Stein was involved in communications concerning insurance premiums for trust properties—communications that may have been made at the direction of counsel or that reflect counsel's mental impressions and litigation strategy. To the extent such communications—or documents reflecting the substance of legal advice—are captured within the subpoena's broad request, they are protected by the attorney-client privilege and/or work-product doctrine. BANA does not assert privilege on a blanket basis. As the proponent of a privilege, a party "bear[s] the burden of establishing it by a preponderance of the evidence."

*MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 592 (S.D. Fla. 2013). The Eleventh Circuit has held that "[b]lanket assertions of privilege . . . are usually unacceptable" and that privilege must be asserted on a "document-by-document" basis. *In re Grand Jury Subpoena*, 831 F.2d 225, 226–27 (11th Cir. 1987). BANA accepts this standard and is prepared to meet that burden on a document-by-document basis once it has had the opportunity to review Stein's production for privilege—a review that is the necessary predicate to fulfilling the very obligation the Eleventh Circuit requires.

Under Rule 45(d)(3)(A)(iii), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). BANA, as the party whose confidential and potentially privileged information is implicated by the subpoena, has standing to move for relief under Rule 45. *See Brown*, 595 F.2d at 967.

The existence of a Confidentiality Agreement/Protective Order in the lead case [Doc. 60] does not moot BANA's motion. While the Protective Order provides a mechanism for designating documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after production (¶¶ 3, 7) and includes a clawback procedure for the inadvertent production of privileged documents (¶¶ 14–15), these post-production remedies are insufficient to protect BANA's interests in this context because they would still result in the disclosure of private financial and PII data of Bank clients who are not parties to this action and have not consented to the disclosure of such information to anyone, including Plaintiff and his counsel. Moreover, the Protective Order's ¶ 15 obligation to refrain from examining apparently privileged material likewise cannot substitute for pre-production review, because it depends on the receiving party recognizing a document as potentially privileged on its face—a safeguard that offers no

protection when the privileged nature of a communication between BANA and its counsel is not apparent from the face of a document in possession of a third party.

BANA respectfully requests that no documents be produced by Stein to Plaintiff without BANA first having a reasonable opportunity to review such documents for confidentiality and privilege, and to assert any applicable objections or seek further relief from this Court. BANA's request will not cause undue delay. BANA proposes a reasonable timeline for its review: upon receiving Stein's production, BANA will promptly review the documents for privilege and confidentiality, after which the non-privileged documents will be promptly provided to Plaintiff. This timeline is reasonable and will not prejudice Plaintiff or interfere with the discovery schedule.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Rule 7.1(a)(3), Local Rules of Civil Procedure, counsel for BANA certifies that they have conferred with the other parties prior to filing this Motion, and Plaintiff opposes.

**WHEREFORE**, Defendant Bank of America, N.A. respectfully requests that this Court enter an order: (a) quashing or modifying the subpoena to Steven Stein to the extent it seeks disclosure of BANA's privileged or confidential information without adequate protections; (b) directing that BANA be afforded a reasonable opportunity to review any documents produced by Stein for privilege and confidentiality prior to production to Plaintiff; and (c) granting such other relief as this Court deems just and appropriate.

This 17th day of July, 2026.

Respectfully Submitted,

**McGUIREWOODS LLP**

*/s/ Emily Y. Rottmann*
Emily Y. Rottmann
Florida Bar No. 093154
Primary Email: erottmann@mcguirewoods.com
Secondary Email: clambert@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200 / (904) 798-3207 (fax)

*Attorney for Defendant Bank of America, N.A*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2026, a true and correct copy of the foregoing **Defendant Bank of America, N.A.'s Motion to Quash Subpoena to Steven Stein** was electronically filed with the Clerk of the Court using CM/ECF, and that a true and correct copy was served via E-Mail to the following:

Stephen F. Rosenthal, Esq.
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue Suite 2300
Miami, FL 33131
srosenthal@podhurst.com

G. Franklin Lemond, Jr., Esq.
E. Adam Webb, Esq.
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, SE Suite 480
Atlanta, GA 30339
flemond@webbllc.com
adam@webbllc.com

Mark Morrison, Esq.
MORRISON + ASSOCIATES
548 Market Street, Unit 34835
San Francisco, CA 94914-5401
markamorrison@me.com

John G. Crabtree, Esq.
CRABTREE & AUSLANDER & TACKENBERG, LLC
240 Crandon Boulevard, Suite 101
Key Biscayne, Florida 33149
gcrabtree@crabtreelaw.com

*/s/ Emily Y. Rottmann*
Attorney